IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| GEORGE WALTER BREWSTER, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | NO. 4:24-cv-00152-CDL-AGH |
| KIARA WASHINGTON, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER OF DISMISSAL

Plaintiff George Walter Brewster, III, who is currently being held in the Muscogee County Jail in Columbus, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. ECF Nos. 1 & 4. Plaintiff has also moved for leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a). ECF No. 2. Upon review of these documents, the Court finds that Plaintiff may not proceed *in forma pauperis* because more than three of his prior federal lawsuits have been dismissed on grounds that count as "strikes" under 28 U.S.C. § 1915(g), and Plaintiff has not alleged facts showing that he is in imminent danger of serious physical injury. Therefore, Plaintiff's motion to proceed *in forma pauperis* is now **DENIED**, and his complaint is **DISMISSED WITHOUT PREJUDICE**, as set forth below.

Federal law bars a prisoner from bringing a "civil action" in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed various federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous or malicious or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., *Brewster v. Turner*, Case No. 4:21-cv-00014 (M.D. Ga. Mar. 3, 2021) (dismissing for failure to state a claim), ECF No. 5; Order Dismissing Compl., *Brewster v. Am. Int'l Movers, Inc.*, Case No. 4:20-cv-00045 (M.D. Ga. Mar. 12, 2020) (dismissing for failure to state a claim), ECF No. 5; Order Adopting R. & R., *Brewster v. Dist. Atty's Office*, Case No. 4:20-cv-00038-CDL-MSH (M.D. Ga. Oct. 21, 2020) (dismissing for failure to state a claim), ECF No. 7; *see also* Order Dismissing Compl., *Brewster v. Muscogee Cty. Police Dep't*, Case No. 4:21-cv-00048-CDL-MSH (M.D. Ga. May 24, 2021) (dismissing case under the three strikes rule). Thus, Plaintiff is barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of

imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Plaintiff complains that he has been arrested pursuant to a probation warrant and has been held for more than four months without being taken before a judicial officer. ECF No. 1 at 5. Plaintiff asserts that "[t]his is in violation of Petitioner's Due Process rights" as well as state law. *Id*. Plaintiff "is seeking monetary compensation for this false imprisonment of his person." *Id*. at 9. Thus, Plaintiff's complaint is construed as raising false imprisonment and Due Process claims as to his continued detention in the Muscogee County jail and the criminal proceedings surrounding his state criminal charges.[1]

---

[1] Generally, principles of equity, comity, and federalism counsel federal abstention in deference to ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-46 (1971); *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (concluding that "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges."); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (concluding that federal courts consistently abstain from interfering in state criminal prosecutions unless a limited exception applies). Therefore, even if Plaintiff was not precluded from proceeding based on the three-strikes rule, this Court would be prohibited from considering Plaintiff's false imprisonment and due process claims until the conclusion of his state criminal case.

In an attachment to his complaint, Plaintiff includes a list of purported risks of harm unrelated to his Due Process claim and not linked to any Defendant. *See generally*, ECF No. 1-1 at 2-9. These purported risks of harm do not appear to be additional claims. *Id.* Instead, it seems that he is including these items only to invoke the imminent danger exception to the three-strikes rule. *See id.* The risks of harm that Plaintiff asserts are that (1) he sleeps on the floor and is at risk of being stepped on; (2) incidents occur in the jail due to a lack of control; (3) medical staff does not test for certain communicable diseases; and (4) black mold is present in the jail. *Id.* at 3-9.

With regard to the second purported risk, Plaintiff has included a list of incidents that he says show the lack of control. *Id.* at 4. Many of the entries on the list are generic statements, such as "severe act of violence" or "[t]he Courts should watch this themselves" as well as incidents involving other inmates that Plaintiff says he "witnessed." *Id.* Notably, other than one incident in which he was assaulted, Plaintiff does not identify any particular harm that he has suffered, and this single past incident does not satisfy the imminent danger exception. *See Medberry*, 185 F.3d at 1193. Moreover, Plaintiff's allegations as to the risks generally do not identify a genuine emergency showing that Plaintiff is in imminent danger of serious physical injury.

Thus, Plaintiff does not qualify for the exception to the three-strikes rule. Plaintiff's motion to proceed in this action *in forma pauperis* is therefore **DENIED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.[2]

---

[2] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit. Thus, the proper procedure when

**SO ORDERED**, this 7th day of January, 2025.

                                          S/Clay D. Land
                                          CLAY D. LAND
                                          U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA

---

denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $405.00 filing fee.